LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELBIN GUITY,

      Plaintiff,

v.

BEN HUR MOVING & STORAGE INC.

      Defendant.

---

Case No.:

**JUDGE JONES**

**07 CV 11459**

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, ELBIN GUITY (hereinafter, "GUITY" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, BEN HUR MOVING & STORAGE INC. ("BEN HUR" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff, GUITY, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid minimum wages, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiff, GUITY, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendant: (1) unpaid minimum wages, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, GUITY, is a resident of Bronx County, New York.

6. Defendant, BEN HUR, is a corporation organized under the laws of New York, with a principal place of business located at 327 Walnut Avenue, Bronx, NY 10454.

7. Plaintiff was employed by Defendant, a moving and storage company, as a driver's assistant from on or about June 2007 until on or about late October 2007.

8. At all relevant times, BEN HUR was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff, GUITY, was directly essential to the business operated by BEN HUR.

10. At all relevant times, BEN HUR knowingly and willfully failed to pay GUITY his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

11. Plaintiff, GUITY has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

12. In or about June 2007, Plaintiff, GUITY, was hired by Defendant, BEN HUR, as a driver's assistant, in furtherance of Defendant's moving business.

13. During GUITY's employment, he wore a bright green "BEN HUR" T-shirt and rode in BEN HUR vehicles that had the words "BEN HUR" clearly displayed on their exterior.

14. GUITY served as a driver's assistant on several long-distance moves (e.g., to California and to Florida) for BEN HUR, but was either paid nothing or much less than promised – and much less than either the federal or New York State the minimum wage.

15. GUITY never drove the BEN-HUR vehicles.

16. GUITY requested the remainder of the money due to him, but only received a check from BEN HUR in the amount of $340.00, with a notation on the check saying "ADVANCE AGAINST MONEY OWED TO ELBIN."

17. BEN HUR knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

18. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff realleges and reavers Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

21. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

22. Upon information and belief, at all relevant times, BEN HUR has had gross revenues in excess of $500,000.

23. Plaintiff, GUITY, was entitled to be paid at least the minimum wage for the hours that he worked.

24. Plaintiff, GUITY, worked hours for which he was not paid the statutory minimum wage.

25. At all relevant times, the Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

26. Defendant failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

28. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, GUITY, minimum wages for hours worked when they knew or should have known such was due.

29. Defendant failed to properly disclose or apprise Plaintiff, GUITY, of his rights under the FLSA.

30. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, GUITY, is entitled to liquidated damages pursuant to the FLSA.

31. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

32. Plaintiff realleges and reavers Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

34. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

35. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid minimum wages, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GUITY, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

    a.    An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

b.  An award of liquidated and/or punitive damages as a result of BEN HUR's willful failure to pay minimum wages pursuant to 29 U.S.C. § 216;

c.  An award of liquidated and/or punitive damages as a result of BEN HUR's willful failure to pay minimum wages pursuant to the New York Labor Law;

d.  An award of prejudgment and postjudgment interest;

e.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 13, 2007

> Respectfully submitted,
>
> LAW OFFICES OF
> ROBERT L. KRASELNIK, PLLC
> *Attorneys for Plaintiff*
> 40 Wall Street, 28th Floor
> New York, NY 10005
> Tel.: (212) 400-7160
> Fax: (212) 400-7162
>
> By: _____
> ROBERT L. KRASELNIK (RK 0684)