UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
----------------------------------------------------------------

ELBIN GUITY,                                    Case No.: 07 CV 11459

          Plaintiff,
                                                <u>**ANSWER**</u>
  v.

BEN HUR MOVING & STORAGE INC.,

          Defendant.

----------------------------------------------------------------

      Defendant BEN HUR MOVING & STORAGE INC., by its attorneys, SANTAMARINA & ASSOCIATES, as and for its Answer and Affirmative Defenses to the Complaint, alleges and sets forth as follows:

<u>AS TO THE GENERAL ALLEGATIONS</u>

    1.    Defendant BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "1" of the Complaint.

    2.    Defendant BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "2" of the Complaint.

<u>AS TO THE JURISDICTIONAL ALLEGATIONS</u>

    3.    Defendant BEN HUR MOVING & STORAGE INC. denies the allegations contained in the paragraph numbered 3 of the Complaint.

    4.    Defendant BEN HUR MOVING & STORAGE INC. denies the allegations contained in the paragraph numbered 4 of the Complaint.

<u>AS TO THE PARTIES</u>

    5.    Defendant BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "5" of the Complaint.

    6.    Defendant BEN HUR MOVING & STORAGE INC. admits the allegations of the paragraph number "6" of the Complaint.

7. Defendant BEN HUR MOVING & STORAGE INC. acknowledges that Plaintiff performed certain work, labor and services for Plaintiff, but denies the remainder of the paragraph "7".

8. Defendant BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "8" of the Complaint, but instead respectfully submits that the statute referred to speaks for itself.

9. BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "9" of the Complaint.

10. BEN HUR MOVING & STORAGE INC. denies the allegation contained in paragraph "10" of the Complaint.

11. BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "11" of the Complaint.

## AS TO THE STATEMENT OF FACTS

12. BEN HUR MOVING & STORAGE INC. denies the allegation contained in paragraph "12" of the Complaint, but acknowledges that Plaintiff rendered services for BEN HUR MOVING & STORAGE INC., for which he was paid.

13. BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "13" of the Complaint, but acknowledges that its vehicles bear its company name.

14. BEN HUR MOVING & STORAGE INC. denies the allegation contained in paragraph "14" of the Complaint, but acknowledges that Plaintiff rendered services for BEN HUR MOVING & STORAGE INC., for which he was paid more than the minimum wage.

15. BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "15" of the Complaint but acknowledges that Plaintiff rendered services for BEN HUR MOVING & STORAGE INC., for which he was paid.

16. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph "16" of the Complaint.

17. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph "17" of the Complaint.

18. BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "18" of the Complaint.

### AS TO COUNT 1 OF THE COMPLAINT

19. BEN HUR MOVING & STORAGE INC. repeats and reiterates each and every allegation contained in paragraphs numbered 1 to 18 above with the same force and effect as though more fully set forth herein.

20. BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "20" of the Complaint but respectfully directs this Court to the cited statutes for their contents.

21. BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "21" of the Complaint but acknowledges that Plaintiff rendered certain work, labor and services on behalf of BEN HUR MOVING & STORAGE INC.

22. BEN HUR MOVING & STORAGE INC. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the paragraph numbered "22" of the Complaint.

23. BEN HUR MOVING & STORAGE INC. admits the allegations contained in paragraph 23 of the Complaint.

24. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph 24 of the Complaint.

25. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph 25 of the Complaint.

26. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph 26 of the Complaint.

27. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph 27 of the Complaint.

28. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph 28 of the Complaint.

29. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph 29 of the Complaint.

30. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph 30 of the Complaint.

31. BEN HUR MOVING & STORAGE INC. denies the allegations contained in paragraph 31 of the Complaint.

### AS TO COUNT II OF THE COMPLAINT

32. BEN HUR MOVING & STORAGE INC. repeats and reiterates each and every allegation contained in paragraphs numbered 1 to 18 above with the same force and effect as though more fully set forth herein.

33. BEN HUR MOVING & STORAGE INC. denies the allegation contained in the paragraph numbered "33" of the Complaint but acknowledges that Plaintiff rendered certain work, labor and services on behalf of BEN HUR MOVING & STORAGE INC.

34. BEN HUR MOVING & STORAGE INC. denies the allegation contained in the paragraph numbered "34" of the Complaint

35. BEN HUR MOVING & STORAGE INC. denies the allegation contained in the paragraph numbered "35" of the Complaint.

### AS TO A FIRST AFFIRMATIVE DEFENSE

36. Failure to state a cause of action.

### AS TO A SECOND AFFIRMATIVE DEFENSE

37. Unclean hands/laches.

### AS TO A THIRD AFFIRMATIVE DEFENSE

38. Failure to name a necessary party.

### AS TO A FOURTH AFFIRMATIVE DEFENSE

39. If Plaintiff did sustained the damages alleged in the Complaint, which defendant specifically denies, such damages were proximately caused, in whole or in part, or were contributed to by reason of the acts, omissions, negligence, want of care, culpable conduct and/or product(s) of some other person and/or entity(ies), or their agent(s), servant(s) or employee(s), over whom the Defendant BEN HUR MOVING & STORAGE INC. had no

control and for whose conduct the Defendant BEN HUR MOVING & STORAGE INC. is not responsible or liable.

WHEREFORE, Defendant BEN HUR MOVING & STORAGE INC. demands judgment as follows:

(a) dismissing the Complaint;

(b) awarding the costs and disbursements of this action; and finally,

(c) granting such other, further and different relief as to this Court seems just and proper.

Dated: New York, New York
January 14, 2008

*/s/*

Gil Santamarina, Esq. (GS-2689)
SANTAMARINA & ASSOCIATES
Attorneys for Defendant
260 Madison Avenue, 17th Floor
New York, New York 10016
(212) 965-1678

To: Robert L. Kraselnik, Esq.
Law Offices of Robert L. Kraselnik, PLLC
Attorney for Plaintiff
40 Wall Street, 28th Floor
New York, NY 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ELBIN GUITY,                                    Case No. 07 CV 11459

                      Plaintiff(s),

- against -                                     CERTIFICATE OF SERVICE

BEN HUR MOVING & STORAGE INC.,

                      Defendant.

------------------------------------------------------------x

      On January 16, 2008, I served a true copy of the annexed *ANSWER, DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS*, and *DEFENDANT'S INTERROGATORIES TO PLAINTIFF* by mailing same in a sealed envelope with pre-paid, first class postage, deposited in an official depository of the U.S. Postal Service addressed to the following addressee(s):

    To:    Robert L. Kraselnik, Esq.
           Law Offices of Robert L. Kraselnik, PLLC
           40 Wall Street, 28th Floor
           New York, NY 10005
           *Attorney for Plaintiff*

Dated: New York, New York
       January 16, 2008

                                                  Gil Santamarina, Esq. (GS-2689)

Gil Santamarina
SANTAMARINA & ASSOCIATES
260 Madison Avenue, 18th Floor
New York, New York 10016
(212) 965-1678
Attorney for Plaintiff

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
-----------------------------------------------------------------

ELBIN GUITY,                                   Case No.: 07 CV 11459

        Plaintiff,
                                               **DEFENDANT'S FIRST**
v.                                             **REQUEST FOR PRODUCTION**
                                               **OF DOCUMENTS**
BEN HUR MOVING & STORAGE INC.,

        Defendant.

-----------------------------------------------------------------

PROPOUNDING PARTY:   BEN HUR MOVING & STORAGE INC.
RESPONDING PARTIES:  ELBIN GUITY
SET NUMBER:          1

Pursuant to FRCP 34, Plaintiff submits the following requests for documents for Defendants to produce within thirty (30) days from the date hereof, at the offices of Santamarina & Associates, located at 260 Madison Avenue, 18th Floor, New York, New York 10016.

## DEFINITIONS

1. The term "you" or "your" refers to [responding party] and each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on (responding party's) behalf.

2. The term "document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any drafts, revisions and computer readable materials. "Document" shall also mean print-outs of electronic mail ("e-mail"), tapes, disks, diskettes, data cells, tape back-ups, drums, printouts, and all other data compilations from which information can be obtained (translated, if necessary, by you through detection devices into usable form).

3. The term "persons" refers to natural persons, proprietorships, corporations, partnerships, trusts, joint venture groups, associations and organizations.

4. "Relating to" and "relates to," "regarding," and "in regards to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

5. "Correspondence" means any writing, including letters, memoranda, or notices, whether handwritten, typewritten or written on a computer..

6. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, telegrams, telexes, tapes, or other sound recordings or means of transmitting information from one source to another.

7. The connectives "and" and "or" mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular includes the plural and vice versa.

9. The use of one gender includes all others, appropriate in the context.

10. The term "e-mail" shall include the print-out of e-mails sent or received by Plaintiff.

## INSTRUCTIONS

1. The relevant time period of these requests is from 6/07 to 10/07 (the duration Plaintiff allegedly worked for Defendant) and shall include all documents, communication, or correspondence which relate or refer to this period, even though prepared before or subsequent to that period.

2. If you object to furnishing any requested document on the ground of privilege, immunity, work product or otherwise, please provide a written statement in which you identify the specific ground on which your objection is based and the document objected to by furnishing its date, author, recipient, a general description of the subject matter of the document and the reason why the document is protected.

3. Notwithstanding your objection, you must disclose any objected to evidence containing non-objectionable matter which is relevant and material to the discovery requests, but you may withhold the portion for which you assert the objection, subject to further request or motion, provided that you furnish the above-requested identification.

4. If you later discover additional responsive documents, you are obligated to supplement your responses pursuant to FRCP 26(e).

## REQUESTS FOR PRODUCTION

1. Provide any document which would corroborate the allegation of work rendered and money paid for such services. For example, provide timesheets, correspondence, pay stubs, receipts

   for cash payments, print-outs from defendant, telephone logs, any contemporaneously maintained records.
2. Provide copies of any bank statements, checks, cash receipts, tax documents, other financial documents, memoranda, notes, and all records indicating the total sum of how much Plaintiff was paid while in the employment of Defendant, and the hours worked by Plaintiff to obtain these monies.
3. Provide copies of any bank statements, checks, tax documents, other financial documents, memoranda, notes, and all records indicating that the Plaintiff was paid below the statutory minimum wage by Defendant.
4. Provide copies of any bank statements, checks, tax documents, other financial documents, memoranda, notes, and all records indicating the total sum of how much Plaintiff was paid while in the employment of independent contractors while working for the Defendant, and the hours worked by Plaintiff to obtain these monies.
5. Identify all documents which support Plaintiff's claim that he was paid below the statutory minimum wage while under the employment of Defendant.

Dated: January 16, 2008                         /S/
                                        Gil Santamarina, Esq. (GS-2689)
                                        Attorney for defendant
                                        260 Madison Avenue-18th Floor
                                        New York, New York 10016

Gil Santamarina
SANTAMARINA & ASSOCIATES
260 Madison Avenue, 18th Floor
(212) 965-1678
Attorney for Plaintiff

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
-----------------------------------------------------------------

ELBIN GUITY,

                Plaintiff,

      v.

BEN HUR MOVING & STORAGE INC.,

                Defendant.

-----------------------------------------------------------------

Case No.: 07 CV 11459

**DEFENDANT'S
INTERROGATORIES
TO PLAINTIFF**

PROPOUNDING PARTY:  BEN HUR MOVING & STORAGE INC.
RESPONDING PARTIES:  ELBIN GUITY
SET NUMBER:  1

      Pursuant to FRCP 33, Defendant hereby requests the Plaintiff to answer the following interrogatories fully and separately in writing and under oath within 30 days of service.

## DEFINITIONS

1. "You" and "your" refer to Defendants and each of their affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on its behalf.

The backs of pages thereto, each non-identical copy is a separate document. "Document" shall also include electronic mail, tapes, disks, diskettes, data cells, tape back-ups, drums, printouts and all other data compilations from which information can be obtained (translated, if necessary, by you through detection devices into usable form).

3. "Person" includes, without limitation, any natural person, proprietorship, corporation, partnership, trust, joint venture, association, organization, business entity or governmental agency.

4. "Relating to" and "relates to" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6. The use of the singular includes the plural, and vice versa.

7. The use of one gender includes all others, appropriate in the context.

8. "Identify" means and requires you to state:
(a) With respect to a person, his or her name, address, telephone number, employer and job title. (b) With respect to a document, the name and address of its author or maker, the names and addresses of all persons who were addressees, the date on which it was created or made, the nature of the document and the substance of the information or communication set forth in the document.
(c) With respect to a tangible or demonstrative thing, a sufficiently graphic description to distinguish it from other tangible or demonstrative things of the same class or type. (d) With respect to conversations and written or oral communications:
    (i) The date on which each conversation or communication occurred.
    (ii) The persons making such conversation or communication.
    (iii) The substance of the conversation or communication.
    (iv) The names and addresses of every person present when the conversation or communication occurred.
    (v) The place where the conversation took place.

## INSTRUCTIONS

1. If you discover new information, you are obligated to supplement your responses to these interrogatories no later than 30 days after the discovery of the further information and in no event later than 15 days before the first day of trial.

2. If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based and identify the information objected to by furnishing its date, participants (e.g., names of speakers, authors, addressees) and a general description of the nature, rather than the substance, of the purportedly privileged information. If the objected to information contains relevant non-objectionable matter, you should disclose it.

3. The relevant time period of these interrogatories is from 6/07 to 10/07 (the Plaintiff's alleged term of employment with Defendant) and shall include all information which relates or refers to this period, unless another time or period of time is specifically referred to in an interrogatory.

4. If you cannot furnish exact data, such as dates, periods or amounts, supply estimated data to the extent possible and indicate that the data is estimated.

## INTERROGATORIES

1. Identify all the dates for which Plaintiff allegedly worked for Defendant, and the hours worked on each such date, and the amount paid for the foregoing hours and dates.
2. Identify all the dates for which Defendant allegedly worked but did not get paid, setting forth the hours worked on each such date.
3. Set forth the total amount allegedly owed by defendant to Plaintiff for services rendered versus the amount he was actually paid as well as a breakdown setting forth how that figure was calculated.

4. Identify all dates for which Defendant allegedly paid Plaintiff less than the statutory minimum wage, and the hours worked on each such date and the amount paid.
5. During Plaintiff's term of employment with Defendant, identify the number of days and hours he spent on each such date working for independent contractors of BEN HUR MOVING & STORAGE INC. such as "Demetrius".
6. Set forth the name of each and every witness that would be able to corroborate the dates and hours allegedly worked by Plaintiff for defendant.
7. To the extent Plaintiff demanded payment from any employee or agent of defendant, identify all such individuals.
8. Identify each and every agreement or document exchanged between the parties by date.


Dated: January 16, 2008         Signed: _____/S/_____
                                              Attorney for defendant